No. 2310.
First Circuit Appeal.

SUCCESSION OF MRS. LEUFROID J. TROSCLAIR. OPPOSITION OF MRS. CECILE KERNE AND PHILIP A. KERNE.

(December 30, 1924, Opinion and Decree.)
(February 18, 1925, Rehearing Refused)

(*Syllabus by the Editor.*)

1. **Louisiana Digest, Courts—Par. 57.**
District judges are authorized by law (Code of Practice, Art. 145 and Revised Statutes, Section 1935, Act No. 163 of 1918) to suspend or set their rules aside, at their discretion. Therefore, the trial of a contested civil case during criminal term contrary to the rules of court is legal, it being within the discretion of the judge.

Appeal from the 20th Judicial District, Parish of Lafourche, Hon. Robert B. Butler, Judge.

There were oppositions to the account of the testamentary executor, which were tried in the district court over the objection of the executor. The opposition was sustained.

The executor appealed solely on the legality of the trial, which was had over his objection.

Judgment affirmed.

C. R. & Taylor Beattie, of Thibodaux, attorneys for plaintiff, appellee.

Chas. J. Mundy, of Thibodaux, attorney for defendant, appellant.

ELLIOTT, J. A rule of the District Court in the Parish of Lafourche reads as follows: "No contested civil cases will be tried during the criminal terms of this court, except in cases where a jury trial is prayed for and in cases where a summary trial is provided by law."

The record shows that the district judge on motion of Mrs. Cecile Kerne, nee Bourgeois, and Philip A. Kerne, her husband, who had each filed oppositions to the ac-

count of Felix Lasseigne, testamentary executor of the succession of Mrs. Leufroid J. Trosclair, non jury matters, permitted the oppositions to be assigned for trial during a criminal term of the court. The executor had been duly notified of the assignment and was by his counsel present when the case was called, and objected to the trial on the ground that the oppositions were contested civil suits which, according to the rule above mentioned, ought not be tried at a criminal term of the court; the term in question being a criminal term.

The judge inquired of the executor, through his counsel, if he had any ground for delay—except the fact that it was a criminal term, he would entertain same—but if that was his only objection the trial might proceed. No other objection being urged, the oppositions were tried, the executor, by his counsel, declined to participate in the trials. The judge heard the evidence and sustained the oppositions.

The executor has appealed. He does not contend that the judgment appealed from is erroneous, that the executor or the estate of Mrs. L. J. Trosclair has been prejudiced by the trial and judgment, but urges that the oppositions should not have been tried at a criminal term of the court on account of the above rule.

The Constitution, Art. 7, Sec. 43, provides that district courts shall have continuous sessions during ten months in the year, alternating in districts composed of more than one parish.

District judges are authorized by the law, Code of Practice, Art. 145, R. S. Sec. 1935, Acts 1918, No. 163, to adopt rules for the discharge of business not contrary to the laws of the state and they are authorized by the law to amend, suspend, or set their rules aside at their discretion for the better administration of justice or to meet properly the requirements of some unexpected situation.

This court has no authority over their action in such matters, unless done in a way to injure some litigant. The C. P., Arts. 754, 5 and 6, provides for the summary trial of oppositions to accounts of executors, etc.

Appellees have answered the appeal and urge that the succession of Mrs. L. J. Trosclair is not sufficient to pay debts, that the estate should not, therefore, be required to pay the expense of this appeal, which they claim is frivolous, that the executor should be penalized for bringing before the court a frivolous appeal, etc.

The appeal is without merit and should not have been taken, the payment of the debts has been thereby delayed and some expense made.

As stated, the executor complains only that the case should not have been tried.

He urges no harm to the estate or to him, no error in the judgment.

The judgment appealed from is correct and affirmed and it is ordered that the estate of Mrs. L. J. Trosclair be not charged with any of the costs caused by this appeal, that it be borne by the executor, personally.